## William Diehl, Jr., Appellee, v. Illinois Central Railroad Company, Appellant.

VERDICTS—*when not disturbed where issue is as to whether bell was rung.* Where the evidence upon the question of the ringing of a bell or the sounding of a whistle, and upon the question of the exercise of reasonable care in driving upon a crossing, is conflicting, it is the peculiar province of the jury who saw and heard the witnesses testify, to determine the facts, and in such state of the evidence it is not the rule to disturb the verdict in the absence of erroneous rulings, but the verdict is to be accepted as decisive of such questions.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. LEWIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEMFELDEN, for appellant; JOHN G. DRENNAN, of counsel.

MILLER, HINDE & MILLER, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment for $450 damages caused from a collision at a highway crossing with one of appellant's freight trains. The collision resulted in the killing of one mule, the crippling of another and damage to a wagon and harness.

The only complaint here is that the manifest weight of the evidence showed appellant not guilty of the negligence averred in the declaration, and that appellee was himself guilty of contributory negligence, either of which should work a reversal of the judgment.

The negligence charged against appellant in the declaration was a failure to give the statutory signals by ringing a bell or blowing a whistle for the crossing.

At the place of the collision the railroad and highway cross at right angles. A freight train of appellant was approaching the crossing from the north at a speed of about twenty-five miles per hour. The engineer in charge of the locomotive testified upon the trial that he sounded the whistle at a post eighty rods from the crossing. The locomotive was supplied with an automatic bell which when "turned on" would ring continuously until "turned off." This bell the engineer says he had turned on before reaching the post and that it continued to ring until he had passed the crossing. The train had forty-two cars and as it was running down grade the exhaust from the locomotive created considerable noise. A brakeman of appellant was riding on the engine at the time. He testified the whistle was sounded at the post but could not state whether the bell was rung, and that being on the engine constantly he would pay no attention to the bell.

The appellee says he slacked his team about thirty yards from the crossing and listened but hearing nothing he drove upon the crossing when his team was struck. He says he heard no bell or whistle. In addition to this testimony, two witnesses, Emil Voeling and Miss Sutter, testified they were driving slowly along the highway toward the crossing and were about two hundred yards from it at the time of the accident. These witnesses both testify they heard no bell or whistle before the collision, and Miss Sutter says she listened for the train.

There was evidence that the collision occurred in the night-time, that the view at the crossing toward the direction from which the train approached was obscured by weeds and brush and the nature of the crossing was such (the railroad running through a cut) that it was dangerous by reason of the difficulty in seeing an approaching train.

Where the evidence upon the questions of ringing a

bell or sounding a whistle and upon the question of reasonable care in driving upon a crossing is conflicting, it is the peculiar province of the jury who see and hear the witnesses testify, to determine the fact and in such state of the evidence it is not the rule to disturb the verdict in the absence of erroneous rulings, but the verdict is to be accepted as decisive of such questions.

This rule is applicable to this case. The evidence was conflicting upon both questions and we cannot say the verdict is so against the weight of the evidence it should be disturbed.

The judgment will be affirmed.

*Affirmed.*